# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **JERRY WAYNE DUNCAN #633621** | **CASE NO. 1:17-CV-00890 SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **LIBBY TIGNER ET AL** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## JUDGMENT

Before the Court is the Report and Recommendation of the Magistrate Judge previously filed herein. (Doc. 68). The court has conducted an independent (*de novo*) review of the record, including the objections filed herein. While we adopt the findings and recommendations issued by the Magistrate Judge, we further note that even if the court were to assume all of the factual allegations asserted by Duncan were true, he cannot and has not established a legally cognizable claim for violation of his Eighth Amendment right against cruel and unusual punishment.

Duncan alleges that the defendants were deliberately indifferent to his medical needs because he was "made to stay in the dorm for four days"; however, he does not deny that he was seen by medical staff and provided medications to address the symptoms he exhibited. Duncan also affirms that "[o]n the fifth day, another doctor came.. did an examination, and found movant has suffered a real bad stoke." Duncan was then sent to the hospital for further evaluation and medical care.

Accordingly, Duncan's own evidence establishes that from February 21, 2016 through February 26, 2016, he received medical care from the defendants. See as in Brauner v Coody, 793 F.3d 493 (5th Cir. 2015), Gobert v Caldwell, 463 F.3d 339 (5th Cir. 2006); Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752 (5th Cir. 2001). Although the medical care received at the outset

was not addressing the underlying stroke, that fact is immaterial to his claims. "Failure to alleviate a significant risk that [the prison official] should have perceived, but did not" is insufficient to show deliberate indifference." Domino v. Texas Dept. of Criminal Justice, 239 F.3d. 752, 756 (5th Cir. 2001); quoting Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Finally, the court in no way addresses whether Duncan has or had an ordinary tort claim against the defendant. We are only addressing this matter as a civil rights action. As such, there is no dispute: the evidence in this case does not establish the defendants ever "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would evince a wanton disregard for any serious medical needs." Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment (Doc. 57) is GRANTED and Duncan's action against James, Savage, Price, and Wike is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Duncan's complaint against Spinner is DISMISSED WITHOUT PREJUDICE pursuant to Fed.R.Civ.P 4(m).

THUS DONE AND SIGNED this 10th day of March 2020, at Alexandria, Louisiana.

**DEE D. DRELL, JUDGE**
**UNITED STATES DISTRICT COURT**